**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**UNITED STATES OF AMERICA**,

**PLAINTIFF**,

v.

**TIMOTHY DENISON**,
506 Hillrose Drive
Louisville, Kentucky 40243-1927

**CYNTHIA CHAPMAN**,
12203 Old Shelbyville Road
Louisville, Kentucky 40243-1567

**SETERUS, INC.**, and
14523 SW Millikan Way, Suite 200
Beaverton, Oregon 97005-2352

Serve:
Kentucky Secretary of State
Office of the Secretary of State
Summons Branch
700 Capital Ave., Ste. 86
Frankfort, Kentucky 40601-3475

**KENTUCKY DEPARTMENT OF REVENUE**,
501 High Street
Frankfort, Kentucky 40601-2103

Serve:
Kentucky Attorney General
Office of the Attorney General
Kentucky State Capitol
700 Capitol Avenue, Suite 118
Frankfort, Kentucky 40601-3449

**DEFENDANTS**.

Case No. 3:19-CV-766-RGJ

**COMPLAINT TO REDUCE TAX ASSESSMENTS TO JUDGMENT AND FORECLOSE FEDERAL TAX LIENS ON REAL PROPERTY**

The Plaintiff, the United States of America (the "**United States**"), at the request of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of the United States, brings this action to collect federal income tax and statutory additions, assessed against Timothy Denison ("**Denison**") for the years 2006, 2007, 2011, and 2016, and to enforce federal tax liens associated with those liabilities against certain real property located in Jefferson County, Kentucky owned by Cynthia Chapman ("**Chapman**") which she acquired subject to federal tax liens attributable to assessments that had been made prior to the transfer of the property to her, and/or as the nominee of Denison such that the federal tax liens against him attach to the property, and/or as the initial transferee of a voidable transfer of real property, and to sell said real property, whereby the proceeds of such sale should be distributed in accordance with the rights of the parties as determined herein, with the amounts attributable to the federal tax liens paid to the United States to be applied to the federal income tax liabilities of Denison. In support of this action, the United States alleges as follows:

## JURISDICTION AND VENUE

1. The U.S. District Court for the Western District of Kentucky, Louisville Division (the "**Court**") has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. §§ 7401 and 7402(a).

2. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1396.

## PARTIES

3. The **PLAINTIFF** is the United States of America.

4. **DEFENDANT**, Timothy Denison, is an attorney who resides in Jefferson County, Kentucky within the jurisdiction of the Court.

5. The **REAL PROPERTY** to be foreclosed upon is located at 506 Hillrose Drive, Louisville, Kentucky 40243 (the "**Real Property**"), which is located within Jefferson County, Kentucky (Louisville Jury District), and which is within the jurisdiction of this Court. The Real Property, the personal residence of Denison, is more particularly described as:

> **BEING Lot 172, RUNNING CREEK ESTATES, Section 4, plat of which is of record, in Plat and Subdivision Book 31, Page 24, in the Office of the Clerk of the County Court of Jefferson County, Kentucky.**
>
> **BEING the same property conveyed to HOLLY DENISON and TIMOTHY DENISON, her husband, by Deed dated October 20, 1993, of record in Deed Book 6373, Page 28, in the Office of the Clerk aforesaid.**
>
> **BEING further the same property conveyed to TIMOTHY DENISON, unmarried, by quitclaim deed dated February 2, 1999, of record in Deed Book 7186, Page 961, in the Office of the Clerk aforesaid.**

6. **DEFENDANT**, Cynthia Chapman, is Denison's long-time girlfriend. She resides in Jefferson County, Kentucky, within the jurisdiction of the Court, and she may claim an interest in the Real Property by virtue of a Quitclaim Deed dated December 30, 2015 (the "**Quitclaim Deed**"). A true and correct copy of the Quitclaim Deed is attached and incorporated herein as **Exhibit A**.

7. **DEFENDANT**, Kentucky Department of Revenue ("**Kentucky DOR**"), maintains an address at 501 High Street, Frankfort, Franklin County, Kentucky 40601. Kentucky DOR is being named as a Defendant in this action because it may claim an interest in the Real Property being foreclosed upon, and is within the jurisdiction of the Court. Upon information and belief, Kentucky DOR filed and had docketed on or about January 24, 2018, a state notice of tax lien regarding the Real Property.

8. **DEFENDANT**, Seterus Incorporated ("**Seterus**"), maintains an address at 14523 SW Millikan Way, Suite 200, Beaverton, Washington County, Oregon 97005. Seterus is being named as a Defendant in this action because it may claim an interest in the Real Property being foreclosed upon subject to a mortgage agreement, and is within the jurisdiction of the Court pursuant to the Kentucky long-arm statute, Ky. Rev. Stat. § 454.210(2)(a)(6). Upon information and belief, Seterus is considered a foreign inactive entity.

**COUNT I – REDUCE TO JUDGMENT INCOME TAX ASSESSMENTS**

9. The United States incorporates and re-alleges Paragraphs 1 through 8, above, as if fully set forth herein.

10. For the years and on the dates set forth below, a delegate of the Secretary of the Treasury of the United States assessed against Denison (Form 1040) federal income taxes for the years 2006, 2007, 2011, and 2016:

| Tax Year | Date of Assessment | Tax Assessed |
|---|---|---|
| 2006 | 9/21/2009 | $ 27,129.00 |
| 2007 | 9/21/2009 | $ 24,966.00 |
| | 3/31/2014 | $ 2,145.00 |
| 2011 | 5/2/2016 | $ 38,526.00 |
| 2016 | 5/7/2018 | $ 2,000.00 |

11. Despite notice and demand for payment, Denison has failed, neglected, or refused to pay the income tax assessments, described above. As a result, penalties and interest have accrued on the income tax assessments and there remains due and owing from Denison, as of February 18, 2019, the amount of **$191,128.32**.

12. **WHEREFORE**, the Plaintiff, the United States of America, prays as follows:

A. That the Court order and adjudge that Denison is indebted to the United States, as of February 18, 2019, in the amount of **$191,128.32**, plus statutory additions to tax accruing thereon according to law, and continuing until paid;

B. That the Court award to the United States its costs of prosecuting this action; and

C. That the Court award such other and further relief as may be deemed just and proper under the circumstances.

**COUNT II – FORECLOSE TAX LIENS OF THE UNITED STATES**

13. The United States incorporates and re-alleges Paragraphs 1 to 12, above, as if fully set forth herein.

14. By reason of the tax assessments described in Paragraph 10, above, and pursuant to 26 U.S.C. §§ 6321 and 6322, federal tax liens arose on the date of the assessments, and attached to all property and rights to property, then owned or thereafter acquired by Denison.

15. On September 23, 2010, the United States filed a notice of federal tax lien (a "**NFTL**") with the Jefferson County Court Clerk in Louisville, Kentucky 40202, against Denison for unpaid (Form 1040) federal income tax, and statutory additions, for tax years 2006 and 2007. That NFTL was recorded on October 5, 2010.

16. On July 16, 2014, the United States filed a NFTL with the Jefferson County Court Clerk in Louisville, Kentucky 40202, against Denison for unpaid (Form 1040) federal income tax, and statutory additions, for tax years 2009, 2011, and 2012. That NFTL was recorded on July 28, 2014.

17. On October 5, 2018, the United States filed a NFTL with the Jefferson County Court Clerk in Louisville, Kentucky 40202, against Denison for unpaid (Form 1040) federal

income tax, and statutory additions, for tax years 2011 and 2016. That NFTL was recorded on October 22, 2018.

18. Upon information and belief, Denison was the sole and 100% owner of the Real Property pursuant to a quitclaim deed dated February 10, 1999 from grantor Holly Denison, pursuant to the terms of Denison's and Holly Denison's divorce decree. Denison assumed all mortgage payments and liabilities concerning the Real Property.

19. By the Quitclaim Deed dated December 30, 2015, Denison allegedly transferred his 100% interest in the Real Property to Chapman for no monetary consideration.

20. Chapman acquired her interest on December 30, 2015, and continues to hold her interest in the Real Property subject to the valid pre-existing federal tax liens that arose upon the September 21, 2009 assessments against Denison for the tax years 2006 and 2007 and the March 31, 2014 assessment against the Taxpayer for the tax year 2011, described in Paragraph 10 above.

21. Chapman acquired and holds bare legal title to the Real Property as Denison's nominee because, after the alleged transfer, Denison continued to incur the benefits and burdens associated with beneficial ownership of the Real Property and the transfer was effected for tax avoidance purposes. Upon information and belief, Denison continues to: (i) reside in the Real Property; (ii) use it as his personal address; (iii) pay most – if not all – the expenses of the Real Property; (iv) pay the mortgage on the Real Property held by Seterus from his personal bank account; and (v) pay property taxes on the Real Property.

22. On or about March 26, 2019, the United States filed a NFTL against Cynthia Chapman as the nominee of Denison with the Jefferson County Court Clerk, in connection with the assessments against Denison for all tax years described in Paragraph 10, above.

23. Denison quitclaimed his interest in the Real Property to Chapman prior to the May 2, 2016 and May 7, 2018 assessments. However, Chapman is holding title to the Real Property as nominee of Denison. Therefore, the federal tax liens that arose based on the May 2, 2016 assessment for the tax year 2011 and the May 7, 2018 assessment for the tax year 2016 attached to the Real Property.

24. Because the federal tax liens attach to the Real Property, they should be foreclosed and the Real Property should be sold with proceeds distributed to the parties in this action to the extent the Court determines that the parties have an interest in the Real Property, and which distribution shall be in the order of priority of interests.

25. Kentucky DOR is named as a Defendant because it may claim an interest in the Real Property.

26. Seterus is named as a Defendant because it may claim an interest in the Real Property.

27. Chapman is named as a Defendant because she is the initial transferee of the Real Property.

28. **WHEREFORE**, the Plaintiff, the United States of America, prays as follows:

A. That the Court order and adjudge that the United States of America has valid and subsisting federal tax liens on all property and rights to property of Denison and/or his nominee, Chapman, including their interest(s) in the Real Property;

B. That the Court determine, adjudge, and decree that Chapman acquired and holds her interest in the Real Property subject to valid and subsisting liens in favor of the United States as set forth above, that United States' liens encumbering the Real Property be foreclosed and that the Real Property be sold, according to law, free and clear of any right, title, lien, claim, or interest

of any of the parties herein, and that the proceeds of the sale be distributed in accordance with the rights of the parties determined herein, with the amounts attributable to the federal tax liens be paid to the United States to be applied against the federal income tax liabilities of Denison;

C. That the Court award to the United States its costs of prosecuting this action; and

D. That the Court award such other and further relief as may be deemed just and proper under the circumstances.

**COUNT III – VOIDANCE OF ACTUAL FRAUDULENT TRANSFER UNDER KY. REV. STAT. § 378.010**

29. The United States incorporates and re-alleges Paragraphs 1 through 28, above, as if fully set forth herein.

30. In addition to Counts I and II, the United States seeks to void the transfer of the Real Property from Denison to Chapman (the "**Transfer**") under Ky. Rev. Stat. § 378.010 as an actual fraudulent transfer and to foreclose its liens encumbering the Real Property.

31. 2015 Kentucky State Bill 204 repealed Ky. Rev. Stat. § 378.010 effective **January 1, 2016**, however the repeal "shall not apply to … a transfer made ... before the effective date of this Act [January 1, 2016]."

32. By the Quitclaim Deed dated **December 30, 2015**, Denison allegedly transferred his interest in the Real Property to Chapman, his long-time girlfriend. By the Quitclaim Deed, Denison voluntary disposed of, parted with, and/or conveyed the Real Property or his 100% interest in the Real Property to Chapman.

33. The United States was an existing creditor of Denison before, as of, and after the date of the Transfer as evidenced by its filed NFTLs and perfected secured creditor status.

34. Denison made the Transfer with the actual intent to hinder, delay, or defraud any creditor of Denison, including, but not limited to, the United States. At a minimum, the Transfer

of the Real Property has hindered the United States' efforts to enforce its claims against Denison and delayed the United States' enforcement of its claims against Denison.

35. "Actual intent" for the purposes Count III may be demonstrated by the following badges of fraud, at a minimum:

a. The Transfer was made between persons who occupy a confidential relationship as the Real Property was transferred by Denison to his long-time girlfriend, Chapman, and recited "love and affection" as the alleged consideration for the Transfer, amongst other factors indicating a confidential relationship;

b. Denison allegedly transferred his interest in the Real Property to Chapman without valuable consideration given in exchange as the only alleged consideration given was "love and affection," which is inadequate consideration as the Real Property has an alleged fair market value of approximately **$222,480.00**. Moreover, Denison, under the penalty of perjury, identified that the Transfer of the Real Property was considered an asset transferred for less than full value on a Form 433-A submitted to the United States on or about January 31, 2018;

c. Upon information and belief, Denison retained possession or control of the Real Property as he still uses it as his principal residence and continues to reside there;

d. Before the Transfer was made, there was an anticipation of suit against Denison as the United States perfected its liens against the Real Property and properly gave notice of the NFTLs to Denison;

e. Upon information and belief, the Real Property transferred to Chapman was substantially all of Denison's assets;

f. Upon information and belief, Denison was insolvent or became insolvent shortly after the Transfer was made. Denison was insolvent because Denison was not paying his debts to the United States as they became due and his identifiable debts exceeded his assets;

g. The Transfer occurred shortly before or shortly after a substantial debt was incurred as the United States filed several NFTLs encumbering the Real Property; and

h. The suspicious timing of events also constitutes a badge of fraud as Denison made the Transfer to his girlfriend without adequate consideration only two (2) days before the effective date of the new fraudulent transfer statutes in Kentucky pursuant to 2015 Kentucky State Bill 204 and he continued to live in and maintain the Real Property after the Transfer was effectuated.

36. Kentucky DOR is named as a Defendant because it may claim an interest in the Real Property.

37. Seterus is named as a Defendant because it may claim an interest in the Real Property.

38. Chapman is named as a Defendant because she is the initial transferee of the Real Property.

39. Accordingly, the Transfer should be voided pursuant to Ky. Rev. Stat. § 378.010 as an actual fraudulent transfer.

40. **WHEREFORE**, the Plaintiff, the United States of America, prays as follows:

A. That the Court order and adjudge that the United States of America has valid and subsisting federal tax liens on all property and rights to property of Denison, including his interest in the Real Property;

B. The Transfer of the Real Property to Chapman should be voided pursuant to Ky. Rev. Stat. § 378.010 and that the United States' liens encumbering the Real Property be foreclosed and that the Real Property be sold, according to law, free and clear of any right, title, lien, claim, or interest of any of the parties herein, and that the proceeds of the sale be distributed in accordance with the rights of the parties determined herein, with the amounts attributable to the federal tax liens be paid to the United States to be applied against the federal income tax liabilities of Denison;

C. That the Court award to the United States its costs of prosecuting this action; and

D. That the Court award such other and further relief as may be deemed just and proper under the circumstances.

**COUNT IV – AVOIDANCE OF CONSTRUCTIVE FRAUDULENT TRANSFER UNDER <u>KY. REV. STAT. § 378.020</u>**

41. The United States incorporates and re-alleges Paragraphs 1 through 40, above, as if fully set forth herein.

42. In addition to Counts I, II, and III, the United States seeks to void the Transfer of the Real Property from Denison to Chapman under Ky. Rev. Stat. § 378.020 as a constructive fraudulent transfer and to foreclose its liens encumbering the Real Property.

43. 2015 Kentucky State Bill 204 repealed Ky. Rev. Stat. § 378.020 effective **<u>January 1, 2016</u>**, however that State Bill explicitly stated that the repeal "shall not apply to … a transfer made ... before the effective date of this Act [January 1, 2016]."

44. By the Quitclaim Deed dated **<u>December 30, 2015</u>**, Denison allegedly transferred his interest in the Real Property to Chapman without valuable consideration given in exchange as the only alleged consideration given was "love and affection," which is inadequate consideration as the Real Property has an alleged fair market value of approximately **<u>$222,480.00</u>**. Moreover, Denison, under the penalty of perjury, identified that the Transfer of the Real Property was

considered an asset transferred for less than full value on a Form 433-A submitted to the United States on or about January 31, 2018.

45. The United States was an existing creditor of Denison before, as of, and after the date of the Transfer.

46. Kentucky DOR is named as a Defendant because it may claim an interest in the Real Property.

47. Seterus is named as a Defendant because it may claim an interest in the Real Property.

48. Chapman is named as a Defendant because she is the initial transferee of the Real Property.

49. Accordingly, the Transfer should be voided pursuant to Ky. Rev. Stat. § 378.020 as a constructive fraudulent transfer.

50. **WHEREFORE**, the Plaintiff, the United States of America, prays as follows:

A. That the Court order and adjudge that the United States of America has valid and subsisting federal tax liens on all property and rights to property of Denison, including his interest in the Real Property;

B. The Transfer of the Real Property to Chapman should be voided pursuant to Ky. Rev. Stat. § 378.020 and that the United States' liens encumbering the Real Property be foreclosed and that the Real Property be sold, according to law, free and clear of any right, title, lien, claim, or interest of any of the parties herein, and that the proceeds of the sale be distributed in accordance with the rights of the parties determined herein, with the amounts attributable to the federal tax liens be paid to the United States to be applied against the federal income tax liabilities of Denison;

C. That the Court award to the United States its costs of prosecuting this action; and

D. That the Court award such other and further relief as may be deemed just and proper under the circumstances.

DATED: October 23, 2019

**RUSSELL M. COLEMAN**
United States Attorney

/s/ *Alexander R. Kalyniuk*
Alexander R. Kalyniuk
Virginia State Bar Number: 92325
Trial Attorney, Tax Division
U. S. Department of Justice
Post Office Box 227, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-3309
Facsimile: (202) 514-6866
E-Mail: Alexander.R.Kalyniuk@usdoj.gov

DEED Book 10534 Page 971

3+

QUITCLAIM DEED

THIS QUITCLAIM DEED made and entered into this 30th day of December, 2015, by and between TIMOTHY DENISON, unmarried, 506 Hillrose Drive, Louisville, Kentucky 40243, Party of the First Part and CYNTHIA CHAPMAN, unmarried, 12203 Old Shelbyville Road, Louisville, Kentucky, 40243, Party of the Second Part. The property tax bill should be mailed to Cynthia Chapman, 12203 Old Shelbyville Road, Louisville, Kentucky 40243.

That for love and affection as good and valuable consideration, the receipt of which is hereby acknowledged, the Party of the First Part does hereby quitclaim and convey unto the Party of the Second Part, in fee simple, all his remainder rights, title and interest in and to the property with all its improvements and appurtenances, located at 506 Hillrose Drive, Louisville, Kentucky 40243 and situated in Jefferson County, Kentucky, to wit:

> BEING Lot 172, RUNNING CREEK ESTATES, Section 4, plat of which is of record in Plat and Subdivision Book 31, Page 24, in the Office of the Clerk of the County Court of Jefferson County, Kentucky.
>
> BEING the same property conveyed to HOLLY DENISON and TIMOTHY DENISON, her husband, by Deed dated October 20, 1993, of record in Deed Book 6373, Page 28, in the Office of the Clerk aforesaid.
>
> BEING further the same property conveyed to TIMOTHY DENISON, unmarried, by quitclaim deed dated February 2, 1999, of record in Deed

Book7186, Page 961, in the Office of the Clerk aforesaid.

The Party of the First Part covenants that he is lawfully seized of said estate, that he has the full right and power to convey the same, and that the property is free and clear of all encumbrances except easements, restrictions and zoning laws affecting said property, except for three certain federal tax liens and, except state and county taxes for the year 2015 which the Party of the First Part hereby assumes and agrees to pay.

The Party of the Second Part accepts this conveyance subject to any easements, restrictions and stipulations of record as to use and improvements that may be upon the aforesaid property.

The parties further state that the fair market value of said property is approximately $250,000 and the love and affection as consideration reflected in this quitclaim deed is the full consideration given for the property. The Party of the Second Part joins in this quitclaim deed for the sole purpose of certifying the fair market value and consideration pursuant to KRS Chapter 382.

IN TESTIMONY WHEREFORE, witness the signatures of the Party of the First Part and the Party of the Second Part this 30th day of December, 2015.

TIMOTHY DENISON
Party of the First Part/Grantor

CYNTHIA CHAPMAN
Party of the Second Part/Grantee

STATE OF KENTUCKY )
: SS
COUNTY OF JEFFERSON )

I, Notary Public, within and for the State and County aforesaid, do hereby certify that the foregoing deed and consideration certificate were delivered, acknowledged and sworn to as true and correct before me on this 30th day of December, 2015, by TIMOTHY DENISON and CYNTHIA CHAPMAN.

My commission expires: 06-07-2018

NOTARY PUBLIC
Kentucky, State at Large

THIS INSTRUMENT PREPARED BY:

DENNIS C. BURKE
Attorney At Law
228 South Seventh Street
Louisville, Kentucky 40202
(502) 262-4984

NO TITLE EXAMINATION REQUESTED OR PERFORMED.



**END OF DOCUMENT**

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
United States of America

**DEFENDANTS**
Timothy Denison, Cynthia Chapman, Seterus, Inc., and Kentucky Department of Revenue

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant Jefferson County, KY
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Alexander R. Kalyniuk, U.S. Department of Justice, Tax Division, P.O. Box 227, Ben Franklin Station, Washington, D.C. 20044, (202)-616-3309

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☒ 1 U.S. Government Plaintiff
- ❒ 3 Federal Question *(U.S. Government Not a Party)*
- ❒ 2 U.S. Government Defendant
- ❒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❒ 1 | ❒ 1 | Incorporated *or* Principal Place of Business In This State | ❒ 4 | ❒ 4 |
| Citizen of Another State | ❒ 2 | ❒ 2 | Incorporated *and* Principal Place of Business In Another State | ❒ 5 | ❒ 5 |
| Citizen or Subject of a Foreign Country | ❒ 3 | ❒ 3 | Foreign Nation | ❒ 6 | ❒ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ❒ 110 Insurance
- ❒ 120 Marine
- ❒ 130 Miller Act
- ❒ 140 Negotiable Instrument
- ❒ 150 Recovery of Overpayment & Enforcement of Judgment
- ❒ 151 Medicare Act
- ❒ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ❒ 153 Recovery of Overpayment of Veteran's Benefits
- ❒ 160 Stockholders' Suits
- ❒ 190 Other Contract
- ❒ 195 Contract Product Liability
- ❒ 196 Franchise

**REAL PROPERTY**
- ❒ 210 Land Condemnation
- ❒ 220 Foreclosure
- ❒ 230 Rent Lease & Ejectment
- ❒ 240 Torts to Land
- ❒ 245 Tort Product Liability
- ❒ 290 All Other Real Property

**TORTS**

**PERSONAL INJURY**
- ❒ 310 Airplane
- ❒ 315 Airplane Product Liability
- ❒ 320 Assault, Libel & Slander
- ❒ 330 Federal Employers' Liability
- ❒ 340 Marine
- ❒ 345 Marine Product Liability
- ❒ 350 Motor Vehicle
- ❒ 355 Motor Vehicle Product Liability
- ❒ 360 Other Personal Injury
- ❒ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ❒ 365 Personal Injury - Product Liability
- ❒ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ❒ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ❒ 370 Other Fraud
- ❒ 371 Truth in Lending
- ❒ 380 Other Personal Property Damage
- ❒ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ❒ 440 Other Civil Rights
- ❒ 441 Voting
- ❒ 442 Employment
- ❒ 443 Housing/ Accommodations
- ❒ 445 Amer. w/Disabilities - Employment
- ❒ 446 Amer. w/Disabilities - Other
- ❒ 448 Education

**PRISONER PETITIONS**

**Habeas Corpus:**
- ❒ 463 Alien Detainee
- ❒ 510 Motions to Vacate Sentence
- ❒ 530 General
- ❒ 535 Death Penalty

**Other:**
- ❒ 540 Mandamus & Other
- ❒ 550 Civil Rights
- ❒ 555 Prison Condition
- ❒ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ❒ 625 Drug Related Seizure of Property 21 USC 881
- ❒ 690 Other

**LABOR**
- ❒ 710 Fair Labor Standards Act
- ❒ 720 Labor/Management Relations
- ❒ 740 Railway Labor Act
- ❒ 751 Family and Medical Leave Act
- ❒ 790 Other Labor Litigation
- ❒ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ❒ 462 Naturalization Application
- ❒ 465 Other Immigration Actions

**BANKRUPTCY**
- ❒ 422 Appeal 28 USC 158
- ❒ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ❒ 820 Copyrights
- ❒ 830 Patent
- ❒ 835 Patent - Abbreviated New Drug Application
- ❒ 840 Trademark

**SOCIAL SECURITY**
- ❒ 861 HIA (1395ff)
- ❒ 862 Black Lung (923)
- ❒ 863 DIWC/DIWW (405(g))
- ❒ 864 SSID Title XVI
- ❒ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☒ 870 Taxes (U.S. Plaintiff or Defendant)
- ❒ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ❒ 375 False Claims Act
- ❒ 376 Qui Tam (31 USC 3729(a))
- ❒ 400 State Reapportionment
- ❒ 410 Antitrust
- ❒ 430 Banks and Banking
- ❒ 450 Commerce
- ❒ 460 Deportation
- ❒ 470 Racketeer Influenced and Corrupt Organizations
- ❒ 480 Consumer Credit
- ❒ 490 Cable/Sat TV
- ❒ 850 Securities/Commodities/ Exchange
- ❒ 890 Other Statutory Actions
- ❒ 891 Agricultural Acts
- ❒ 893 Environmental Matters
- ❒ 895 Freedom of Information Act
- ❒ 896 Arbitration
- ❒ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ❒ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ❒ 2 Removed from State Court
- ❒ 3 Remanded from Appellate Court
- ❒ 4 Reinstated or Reopened
- ❒ 5 Transferred from Another District *(specify)*
- ❒ 6 Multidistrict Litigation - Transfer
- ❒ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
26 U.S.C. 6331, 7401, 7403; Ky. Rev. Stat. 378.010, 378.020

Brief description of cause:
Suit to reduce tax assessments to judgment and to foreclose on tax lien on real property in Jefferson County, KY.

## VII. REQUESTED IN COMPLAINT:

❒ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 191,128.32

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ❒ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE DOCKET NUMBER

DATE
10/23/2019

SIGNATURE OF ATTORNEY OF RECORD
/s/ Alexander R. Kalyniuk

**FOR OFFICE USE ONLY**

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

Print | Save As... | Reset

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.