UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                                                 Plaintiff

v.                                                                        Civil Action No. 3:19CV-766-RGJ

TIMOTHY DENISON, et al.                                                                 Defendants

\* \* \* \* \*

## SCHEDULING ORDER

The Court conducted a telephonic Federal Rule of Civil Procedure 16 scheduling conference in this matter on April 22, 2020, with the following counsel participating:

For Plaintiffs:     Andrew R. Kalyniuk

For Defendants:     Maureen Sullivan, Donald S. Guier, and R. Campbell Connell

Based on the discussion during the conference, the Joint Report of the Parties' Planning Meeting [DE 17], and the Court being otherwise sufficiently advised, it is hereby **ORDERED** the following deadlines and conditions shall be observed in this action:

(1) **Fact Discovery**.

   a) Initial disclosures pursuant to Rule 26(a)(1) shall be completed no later than **May 29, 2020**;

   b) Any motion to amend pleadings or motion to join additional parties shall be filed no later than **September 6, 2020**.

   c) The parties are under a continuing duty under Rule 26(e) to supplement their disclosures and responses whenever reasonably appropriate;

   d) The parties shall complete all fact discovery no later than **November 6, 2020**.

(2) **Expert Discovery**.

    a) Identification of experts in accordance with Rule 26(a)(2) shall be due:

        i. By Plaintiff: no later than **November 6, 2020**;

        ii. By Defendants: no later than **November 6, 2020**.

    b) At the time expert reports and supplementation of the reports are exchanged, at least two proposed dates for the deposition of each expert witness within the following thirty days shall be provided.

    c) All expert discovery shall be completed by **November 6, 2020**.

(3) **Joint Status Report and Conference at the Close of Discovery**.

    a) A telephonic status conference is scheduled for **October 14, 2020, at 11:30 a.m.** before the Honorable Colin H. Lindsay, United States Magistrate Judge. The Court will initiate the call.

    b) By no later than **November 6, 2020**, the deadline for expert discovery, the parties shall file a joint status report with the Court that includes the parties' positions on mediation.

(4) **Dispositive and Expert Motions**. No later than **December 4, 2020,** counsel for the parties shall file all dispositive motions and any motions objecting to the admissibility of expert witness testimony under Federal Rule of Evidence 702, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999). The party filing the last pleading in response to such motions shall notify the Court by email to the Court's Deputy, Ms. Andrea Morgan by email at andrea_morgan@kywd.uscourts.gov, with copies to opposing counsel, that the motions are ripe for decision. Applications for extensions of time will be granted only upon good cause shown.

(5)     **Pretrial Conference**. This matter is assigned for a Pretrial Conference before the trial judge on **July 27, 2021 at 2:00 p.m.** at the Gene Snyder U.S. Courthouse, Louisville, Kentucky.

  a) No later than **twenty-one (21) days before the Pretrial Conference**, counsel shall file:

     i. a list of witnesses in accordance with the Fed. R. Civ. P. 26(a)(3). The witness lists shall specify those witnesses who will testify at the trial of this action versus those who may testify, in accord with Fed. R. Civ. P. 26(a)(3)(A) and shall identify all witnesses who will testify by deposition, specifying the portions of such deposition testimony that will be used at trial, in accord with Fed. R. Civ. P. 26(a)(3)(B). The witness lists shall also set forth the subject matter of each witness's testimony and the purpose for which such testimony is offered;

     ii. an exhibit list in accordance with the Fed. R. Civ. P. 26(a)(3). The exhibit list shall include any demonstrative and/or summary exhibits to be used at trial (including any to be used during opening statements) and shall contain a description of each exhibit in sufficient detail to permit adequate identification thereof;

     iii. any appropriate motions *in limine*;

     iv. the transcript of all evidentiary depositions to be used at trial along with any motions for ruling by the court upon any objection made in any evidentiary deposition to be used at trial on which ruling by the court is necessary prior to trial. **Any objection within any deposition**

       **which is not so raised specifically (by citation to page number and question number) for ruling by the court shall be deemed to be summarily overruled**;

   v. a pretrial memorandum brief containing a succinct statement of the facts of the case, the issues of fact to be resolved at trial, the disputed issues of law that must be resolved in connection with the trial, and a brief summary of the party's position on each disputed issue of fact or law, and;

   vi. proposed agreed jury instructions and verdict forms. Counsel shall exchange drafts of instructions and verdict forms in advance and endeavor to agree; in the absence of agreement, separate instructions and verdict forms shall be filed, by the same deadline, including citation to supporting authorities; and

   vii. proposed *voir dire* questions for the Court's use and a joint statement of the case that may be read to the jury panel during *voir dire*.

b) **No later than fourteen (14) days before the Pretrial Conference**, the parties shall file:

   i. written objections, pursuant to Fed. R. Civ. P. 26(a)(3), to the lists of witnesses and exhibits previously filed by any other party. Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, **shall be deemed waived unless excused by the court for good cause shown**;

   ii. responses to any other party's motion *in limine*; and

      iii.  responses to any other party's motion for a ruling on any objection made in an evidentiary deposition.

  c)  At the Pretrial Conference, counsel for the parties shall be prepared to:

      i.  discuss and make possible stipulations of admissibility, or threshold foundation requirements for admissibility of exhibits, including authenticity; discuss and make stipulations of fact or law which would expedite the trial of this action;

      ii.  disclose any demonstrative or summary exhibits intended for use at trial;

      iii.  display to the court all exhibits intended to be used at trial, which shall already be pre-marked in accordance with Local Rule. Counsel shall provide the court with a copy of all documentary exhibits. **Failure to disclose exhibits to the Court and to opposing counsel at the Pretrial Conference shall be subject to sanctions unless good cause is shown**;

      iv.  discuss the possibility of settlement; and

      v.  advise the Court of anticipated technological issues that may arise at trial.

  d)  The Pretrial Conference shall be attended by all attorneys who will be trying the case along with the parties and/or representatives.

(6)  **Trial.** This action is hereby set for a bench trial on **August 10, 2021 at 9:30 a.m.** at the Gene Snyder United States Courthouse, Louisville, Kentucky. Counsel should be present in the courtroom by 9:00 a.m. The anticipated length of trial is two (2) days. The Western

District of Kentucky's plan for the qualification and random selection of jurors, General Order 2013-02, is available on the Court's website at https://www.kywd.uscourts.gov/jury-info. Pursuant to Section 5.02 of the Plan, "the names of persons assigned to individual petit jury panels, as well as the contents of their juror qualification questionnaires, may be disclosed to the parties seven days prior to the trial date unless otherwise ordered by the court."

(7)     **Discovery Disputes**. Pursuant to Local Rule 37.1, prior to filing a discovery motion (i.e., motion to compel, motion for sanctions etc.), all counsel must make a good faith effort to resolve extra judicially any dispute relating to discovery. The Court will not entertain discovery motions unless counsel have conferred – or attempted to confer – with other affected parties in an effort to resolve their dispute. The moving party must attach to every discovery motion a certification that counsel have conferred and are unable to resolve their differences. The certification must detail counsel's attempts to resolve the dispute.  If the parties are unable to resolve a dispute informally, they shall request a telephonic conference with the Court.  Counsel shall contact Case Manager Theresa Burch to schedule the conference.  Counsel shall email Ms. Burch at theresa_burch@kywd.uscourts.gov and copy all counsel of record. Counsel shall include a short, non-argumentative statement regarding the general nature of the dispute (*e.g.* "Counsel would like to discuss the sufficiency of plaintiff's/defendant's responses to written discovery") but shall refrain from including substantive legal arguments or lengthy recitations of the facts underlying the dispute.

(8)     **Deadline Extensions. No extensions of the deadlines set in this order, or any deadline set by the Federal Rules of Civil Procedure, shall be granted unless an appropriate motion is filed prior to expiration of the deadline in question, and upon a showing of good cause beyond the control of counsel in the exercise of due diligence**. In the

**event all parties agree to extend a deadline set in this order, or a deadline contained in the Federal Rules of Civil Procedure, the parties must file a joint motion attaching the agreed order.  This provision shall prevail over Joint Civil Local Rule 7.1 regarding motions to the extent inconsistent therewith.**

(9) The parties are advised that this action is not stayed, and even in light of COVID-19, the Court directs the parties to keep this action moving forward.  Counsel should consider and plan ahead for any logistical difficulties that will result form themselves, their support staff, or their clients working from home.  The Court encourages the parties to be flexible with each other as necessary to respond to these difficulties.  As to depositions, the parties are directed to utilize video conferencing and/or other means to take remote depositions.  However, nothing in this order should be construed as a requirement – or even encouragement – for any deponent, party representative, or attorney to be present in person with each other or to otherwise violate the current guidance regarding the importance and need for social distancing or any other current health guidelines regarding COVID-19.

(10) The parties are also advised that though the undersigned is not conducting in-person settlement conferences at this time, the undersigned will conduct a settlement conference via Zoom video conference at the request of the parties.  The undersigned also remains available to conduct *ex parte* calls regarding settlement upon request.  Any party who wishes to request either a Zoom settlement conference or an *ex parte* call regarding settlement shall email the undersigned's Case Manager, Theresa Burch, copying all counsel of record, to request the same.

Copies to:	Counsel
	Jury Administrator

Colin H Lindsay, Magistrate Judge
United States District Court

Court Time:	:30

April 27, 2020